```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                   :
DEMETRIUS JAMISON,                 :
                                   :
         Petitioner,               :    Civ. No. 15-5199 (NLH)
                                   :
     v.                            :    OPINION
                                   :
WARDEN JORDAN HOLLINGSWORTH,       :
                                   :
         Respondent.               :
_____:

APPEARANCES:
Demetrius Jamison, # 79496-053
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
    Petitioner Pro se

HILLMAN, District Judge

Petitioner Demetrius Jamison, a prisoner confined at the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey, files this writ of habeas corpus under 28 U.S.C. § 2241, requesting a housing transfer. (ECF No. 1). The instant Petition was initially filed in the United States District Court for the Eastern District of New York. However, because Petitioner is confined at FCI Fort Dix, the case was transferred to the District of New Jersey on July 2, 2015. (ECF No. 3). This Court received a Certified Copy of the Transfer Order on July 6, 2015 and the case was given the current docket number, Civ. No. 15-5199. (ECF No. 4).

The filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to proceed <u>in forma pauperis</u>, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed <u>in forma pauperis</u>. L. Civ. R. 81.2(c).

Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did Petitioner submit an application for leave to proceed <u>in forma pauperis</u> as required by Local Civil Rule 81.2(b).

Accordingly, this matter will be administratively terminated for failure to satisfy the filing fee requirement.  Petitioner will be granted leave to apply to reopen by either

paying the filing fee or submitting a complete application for leave to proceed in forma pauperis.

To the extent Petitioner asserts that institutional officials have refused to provide the certified account statement, any such assertion must be supported by an affidavit detailing the circumstances of Petitioner's request for a certified account statement and the institutional officials' refusal to comply, including the dates of such events and the names of the individuals involved.

Petitioner has also filed a Motion requesting that his "public safety factor of greatest severity be removed" and that his "inmate security designation and custody classification be changed." (ECF No. 5). In light of the fact that this case will be administratively terminated for failure to satisfy the filing fee requirement, this Motion is denied as moot. Furthermore, the Court has reviewed this Motion and it appears to be simply a duplicate of his initial Petition. The Court notes that nothing in the instant Petition or the Motion indicates that Petitioner's situation is emergent or that he is is in imminent danger of serious physical injury.

## CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action without

3

prejudice.[1]  The pending motion shall be denied as moot. Petitioner will be granted leave to apply to re-open within 30 days, by either prepaying the filing fee or submitting a complete application for leave to proceed in forma pauperis.

An appropriate Order will be entered.

                                               ___s/ Noel L. Hillman_____
                                               NOEL L. HILLMAN
                                               United States District Judge

Dated: July 9, 2015
At Camden, New Jersey

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).