```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
DEMETRIUS JAMISON,                  :
                                    :
          Petitioner,               :   Civ. No. 15-5199 (NLH)
                                    :
     v.                             :   OPINION
                                    :
WARDEN JORDAN HOLLINGSWORTH,        :
                                    :
          Respondent.               :
_____:

APPEARANCES:
Demetrius Jamison, # 79496-053
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
     Petitioner Pro se

HILLMAN, District Judge

    Petitioner Demetrius Jamison, a prisoner confined at the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey, files this writ of habeas corpus under 28 U.S.C. § 2241, requesting a housing transfer. (ECF No. 1).  The instant Petition was initially filed in the United States District Court for the Eastern District of New York.  However, because Petitioner is confined at FCI Fort Dix, the case was transferred to the District of New Jersey on July 2, 2015. (ECF No. 3). This Court received a Certified Copy of the Transfer Order on July 6, 2015 and the case was given the current docket number, Civ. No. 15-5199. (ECF No. 4).

The case was previously administratively terminated for failure to pay the filing fee. (ECF No. 7). However, on or about July 22, 2015, Petitioner paid the $5.00 filing fee. The Court will now conduct a preliminary review of the Petition as required by Habeas Rule 4. See Rule 4 of the Rules Governing Section 2254 Cases, (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules. For the reasons that follow, the Petition will be dismissed for lack of jurisdiction.

## I.   BACKGROUND

In his Petition, Petitioner states that he was convicted of a violation of "18 U.S.C. § 1951(a), Hobbs Act Robbery," and "use of a firearm during a robbery" in violation of "18 U.S.C. § 924(c)(1)(A)(ii)." (Pet. 3, ECF No. 1). Petitioner was sentenced to an aggregate term of 104-months' incarceration, which he is currently serving at FCI Fort Dix. The Court gleans from Petitioner's Statement of Facts and from the attachments to his Petition that he is classified at FCI Fort Dix with a Public Safety Factor ("PSF") of "Greatest Severity." As a result of this classification, Petitioner is not eligible for placement in a minimum security facility.

Petitioner sought administrative remedies to have this PSF waived so that he may be moved to "camp," a minimum security facility. However, each administrative request was denied on

the basis that his PSF classification is appropriate given his convictions for a "Hobbs Act Robbery and Use of a Firearm during a Robbery." (Regional Director's Response 14, ECF No. 1). Accordingly, the Bureau of Prisons ("BOP") declined to waive his PSF status and Petitioner remains ineligible for camp.

Petitioner then brought this petition pursuant to 28 U.S.C. § 2241[1] and asks the Court to "issue an Order directing that Respondent remove the 'Public Safety Factor of Greatest Severity' so that he may be allowed to transfer to a 'camp' setting[.]" (Pet. 3, ECF No. 1).

Petitioner asserts that the BOP's responses to his administrative requests were vague and were not afforded

---

[1] The Court notes that on page 3 of his Petition, Petitioner also cites 42 U.S.C. § 1983 and Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) as bases for his request for PSF reclassification and transfer to camp. However, the Civil Cover Sheet which was submitted along with his Petition clearly designates 28 U.S.C. § 2241 as the statute under which Petitioner filed his civil action. (ECF No. 1-1). Therefore, this Court construes this document as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Moreover, because Petitioner is a federal prisoner and his Statement of Facts relates only to federal officials, 42 U.S.C. § 1983 — which addresses constitutional violations by state actors — cannot provide a basis for relief. See West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011). Finally, to the extent Petitioner means to assert a cause of action pursuant to Bivens, he is free to file a separate civil action; however, Petitioner should note that such an action carries with it a total filing fee in the amount of $400 or, if a prisoner is granted in forma pauperis status, a filing fee in the amount of $350.

3

appropriate consideration. (Pet. 5, ECF No. 1). Petitioner also contends that he does not have a history of violence or escape, and that he has had no disciplinary incidents during his incarceration. Petitioner draws the Court's attention to a 2007 case involving an inmate at a Federal Correctional Institution in Pennsylvania whose offenses were similar to Petitioner's, yet that inmate was "allowed to serve his sentence in a 'camp'." (Id.). Petitioner further states that he is a "first-time offender" and that he is gainfully employed with the BOP. (Pet. 6, ECF No. 1). Ultimately, Petitioner asserts that "he is an excellent 'candidate' for 'camp'." (Id.).

## II. STANDARD OF REVIEW

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas

4

corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult, 708 F.3d 140, 148 n. 3 (3d Cir. 2013); see also 28 U.S.C. §§ 2243, 2255.

### III. DISCUSSION

Habeas corpus is an appropriate mechanism for a federal prisoner to challenge the execution of his sentence. See Coady v. Vaughn, 251 F.3d 480, 485–86 (3d Cir. 2001); Barden v. Keohane, 921 F.2d 476, 478–79 (3d Cir. 1990).

A habeas corpus petition is also the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498–99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004) and Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). See also Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005).

Further, where a prisoner seeks a "quantum change" in the level of custody — for example, where a prisoner claims to be entitled to probation or bond or parole — habeas is the appropriate form of action. See, e.g., Minor v. Zickefoose, No. 12-3927, 2012 WL 6005714, at *1 (D.N.J. Nov. 30, 2012) (citing

5

Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) (collecting cases)).

In this case, however, Petitioner's challenge to his PSF classification does not affect the fact or length of his confinement.  In Marti v. Nash, 227 F. App'x 148 (3d Cir. 2007), the Third Circuit addressed the issue of a challenge to a PSF classification brought in the context of a petition pursuant to § 2241:

> Appellant first contends that the assignment of the public safety factor "greatest severity" is erroneous and has prevented him from being placed at a minimum security level.  Because Appellant has no due process right to any particular security classification, see Moody v. Daggett, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), federal habeas relief is unavailable.

Marti, 227 F. App'x at 150.  Thus, habeas relief is unavailable to Petitioner in this case. See id.; see also Faruq v. Zickefoose, No. 10-6768, 2011 WL 4625358, at *4 (D.N.J. Oct. 3, 2011) (dismissing § 2241 petition for lack of jurisdiction because prisoner's custody classification or PSF did not affect the fact or the length of his incarceration).

Petitioner remains free to reassert his claims in a properly filed civil complaint.[2]

---

[2] The Court makes no determination as to the merits of such a civil complaint.  Nevertheless, it is doubtful whether such a claim would succeed. See Minor v. Zickefoose, No. 12-3927 NLH, 2012 WL 6005714, at *2 n.1 (D.N.J. Nov. 30, 2012) (collecting cases which discuss the absence of inmates' rights to a

IV.  CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, will be dismissed without prejudice for lack of jurisdiction.

An appropriate Order will be entered.

_____s/ Noel L. Hillman_____
NOEL L. HILLMAN
United States District Judge

Dated: October 15, 2015
Camden, New Jersey

---

particular security classification or place of confinement). Additionally, as noted above, a civil action filed pursuant to Bivens carries with it a total fee in the amount of $400 or, if a prisoner is granted in forma pauperis status, a filing fee in the amount of $350.